UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM J. PARRIMON,

    Applicant,

v.                                  CASE NO. 8:16-cv-1109-T-23AEP

SECRETARY, Department of Corrections,

    Respondent.
                                    /

## **O R D E R**

    Parrimon applies for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state conviction for first degree murder, robbery with a firearm, and shooting into an occupied motor vehicle, for which he serves life imprisonment. Parrimon admits his application's untimeliness.

    Rule 4, Rules Governing Section 2254 Cases, requires both a preliminary review of the application for the writ of habeas corpus and a summary dismissal "[i]f it plainly appears from the face of the [application] and any exhibits annexed to it that the [applicant] is not entitled to relief in the district court . . . ." The preliminary review shows that the application is untimely. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that a district court possesses

discretion to *sua sponte* raise the issue of the timeliness of a Section 2254 application for habeas corpus).

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a Section 2254 application for the writ of habeas corpus. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). Parrimon's conviction was final in 1995 and the limitation expired in 1996.

Parrimon admits his application's untimeliness, but asserts entitlement to federal review based on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), and argues that his not having an attorney in the state collateral proceeding precluded his timely filing a state motion for post-conviction relief, which would have tolled the federal limitation. Parrimon misinterprets *Martinez*, which holds that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 132 S. Ct. 1315

Parrimon misunderstands the narrowness of the equitable principle announced in *Martinez*. "What the *Martinez* decision did — and the only thing it did — was create a narrow, equitable exception to the general rule that a petitioner cannot rely

on the ineffectiveness of collateral counsel to serve as cause for excusing the procedural default of a claim in state court, thereby permitting federal habeas review of the merits of that claim." *Chavez v. Sec'y, Dep't of Corr.*, 742 F.3d 940, 945 (11th Cir. 2014) (citing *Martinez*, 132 S. Ct. at 1315–20). *Martinez* affords Parrimon no relief because, as *Chavez*, 742 F.3d at 945–46, explains, *Martinez* neither affords a new limitation nor tolls the limitation:

> We have emphasized that the equitable rule established in *Martinez* applies only "to excusing a procedural default of ineffective-trial-counsel claims" and, for that reason, has no application to other matters like the one-year statute of limitations period for filing a § 2254 petition.
>
> . . . .
>
> While § 2244(d)(1) includes a number of alternate triggering dates for calculating the one-year deadline, the only one even potentially relevant here — "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" — is inapplicable because *Martinez* did not announce a new rule of constitutional law. *See* 28 U.S.C. § 2244(d)(1)(C); *Arthur,* 739 F.3d at 629 ("The *Martinez* rule is not a constitutional rule but an equitable principle."); *see also Buenrostro v. United States,* 697 F.3d 1137, 1139 (9th Cir. 2012) (holding that *Martinez* "did not announce a new rule of constitutional law"). And while the federal limitations period is subject to equitable tolling in certain circumstances, we have rejected the notion that anything in *Martinez* provides a basis for equitably tolling the filing deadline. *Arthur,* 739 F.3d at 630–31 ("Because Arthur's § 2254 petition was denied due to his complete failure to timely file that § 2254 petition, the Supreme Court's analysis in *Martinez* . . . of when and how 'cause' might excuse noncompliance with a state procedural rule is wholly inapplicable here.").

*Accord Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014) ("[T]he *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims

- 3 -

and does not apply to AEDPA's statute of limitations or the tolling of that period."). Consequently, Parrimon's application is time-barred.

Lastly, Parrimon admits that he challenged this same conviction in an earlier application under Section 2254. *Parrimon v. Sec'y, Dep't of Corr.*, 8:01-cv-1765-T-17TBM. Because that application was not adjudicated on the merits but instead dismissed as untimely, the present application is not a second or successive application. *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000) ("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition."). Although decided after the earlier application, *Martinez* affords Parrimon no relief because the federal limitation is unaffected by *Martinez*.

Accordingly, Parrimon's motion to excuse his procedural default (Doc. 3) is **DENIED**. The application for the writ of habeas corpus (Doc. 1) is **DISMISSED** as time-barred. The motion (Doc. 2) for leave to file excess pages is **DENIED** as moot. The clerk must close this case.

ORDERED in Tampa, Florida, on May 11, 2016.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE